UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS IRVINE,

        Plaintiff,                                Hon. Janet T. Neff

v.                                                     Case No. 1:19-cv-359

ARTHUR CLARKE, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion to Dismiss.</u>  (ECF No. 6.)  Also before the Court is Plaintiff's <u>Motion for Estoppel and Writ of Habeas Corpus.</u>  (ECF No. 25.)  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied** and Defendants' motion be **granted**.

### I.   BACKGROUND

On or about April 16, 2019, Plaintiff, Marcus Irvine, filed a pro se complaint in the 7th District Court for Van Buren County, Michigan, against Defendants Arthur Clarke, Jay Blair, and John Frost.  Irvine alleged that Defendants violated his rights by prosecuting him for driving with a suspended license in violation of his constitutional right to travel.  (ECF No. 1-2.)  On May 6, 2019, Defendants removed the case to this Court on the basis of federal question jurisdiction.  (ECF No. 1 at PageID.1–2.)

Irvine alleges that on October 8, 2018, he was traveling through Van Buren County with a family member when Deputy Sheriff Daniel Rowse conducted a traffic stop.  Irvine alleges that he does not have a Michigan license plate and has no intention of getting one.  (ECF No. 1-2 at

PageID.7.) Irvine was prosecuted for driving while his license was suspended. Defendant Blair was the prosecutor, and Defendant Clarke was the judge in the state-court case. According to the Register of Actions in Irvine's criminal case, on December 14, 2018, Irvine entered a plea of nolo contendere to the charge of driving while license suspended, and the Judgment of Sentence was entered on December 19, 2018. (ECF No. 7-4 at PageID.49.)

In addition to alleging that Defendants violated his right to travel, Irvine alleges that he did not receive notice of a hearing and that "[t]he arbitrary and erroneous action of the judge voids the contract [and] violates my constitutional rights by impairing my ability to contract and was a direct neglect of oath of office." (*Id.*)

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops

short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

## III.   ANALYSIS

Defendants move to dismiss Irvine's complaint on the grounds of failure to state a claim and absolute prosecutorial and judicial immunity.

### A.   Defendant Frost

Irvine included Defendant Frost, who is apparently the attorney for the City of Bangor, in the summons but fails to mention him at all in the caption or body of the complaint. Given the lack of any allegation mentioning Defendant Frost, Defendant Frost is entitled to dismissal for failure to state a claim. *See Ward v. Dunklow*, No. 1:13-cv-304, 2013 WL 3336616, at *3 (W.D.

Mich. July 2, 2013) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded *pro se* complaints."); *Younker v. Ohio Dep't of Rehab. & Corrs.*, No. 2:13-cv-746, 2013 WL 4081109, at *2 (S.D. Ohio Aug. 13, 2013) ("Plaintiff's failure to mention Defendant Beery in the body of his Complaint, much less allege any facts against him, renders any purported claim against this Defendant subject to dismissal for failure to state a claim upon which relief can be granted."), *report & recommendation adopted*, 2013 WL 4856202 (S.D. Ohio Sept. 11, 2013).

  B.  Defendant Blair

Irvine does not indicate in his complaint whether he is suing Defendant Blair in his official capacity or individual capacity.[1] A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). An official capacity suit is thus no different than a suit against the state itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity.") Because the Eleventh Amendment prohibits suits for damages against states in federal court, *see Quern .v. Jordan*, 440 U.S. 332, 342 (1979), damage claims against state officials in their official capacities are also barred by the Eleventh Amendment. *See Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (noting that Eleventh Amendment immunity "applies to actions against state officials sued in their official capacity for money damages") (citing *Lapides v Bd. of Regents*, 535

---

[1] In the Sixth Circuit, if a plaintiff does not specify the capacity in which he is suing the defendant, official capacity is presumed. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). For purposes of the instant motion, and because Defendants have raised arguments relating to individual capacity claims, the Court will assume that Irvine intended to assert both official- and personal-capacity claims.

U.S. 613, 616, 623 (2002)).  Moreover, a state official sued in his official capacity is not a "person" subject to suit for money damages under Section 1983.  *Will*, 491 U.S. at 70–71.

To the extent that Irvine seeks money damages against Defendant Blair in his official capacity, his claim is barred by the Eleventh Amendment as prosecutors in Michigan are deemed to be state agents when prosecuting state criminal charges.  *Cady v. Arenac Cty.*, 574 F.3d 334, 342–43 (6th Cir. 2009); *see also Smith v. Skryzynski*, No. 2:16-CV-12129, 2016 WL 3230701, at *3 (E.D. Mich. June 13, 2016) ("Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, and court clerks who are sued in their official capacities.").

Defendant Blair is also entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Courts employ a "functional approach" to determine whether a prosecutor is acting within the scope of his duties as a prosecutor or if he is merely giving legal advice or investigating.  *See Burns v. Reed*, 500 U.S. 478, 486 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).  Prosecutorial immunity applies to the preparation and filing of charging documents, including requests for arrest warrants,  *see Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), as well as to the decision on whether to prosecute a case.  *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997).  The immunity is not defeated even if the plaintiff shows that the prosecutor acted wrongfully or maliciously.  *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).  Irvine's allegations are against Defendant Blair acting in his role as an advocate while prosecuting the criminal case.  Thus, he is absolutely immune from Irvine's claims.

C.   Defendant Clarke

For the reasons set forth above regarding Defendant Blair, Irvine's official capacity claim for damages against Defendant Clarke is barred by the Eleventh Amendment and because

Defendant Clarke is not a "person" under Section 1983. *See Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (affirming the district court's conclusion that a claim against a state-court judge in his official capacity was barred by the Eleventh Amendment); *Hall v. 71-A Dist. Court*, No. 12-cv-10865, 2012 WL 1110020, at *3 (E.D. Mich. Mar. 15, 2012) (concluding that a Michigan district court judge was a state official entitled to Eleventh Amendment immunity on the plaintiff's official capacity claims).

Defendant Clarke is also immune from Irvine's claims under the doctrine of judicial immunity. It is well established that a judge is absolutely immune from suit seeking monetary relief, so long as the judge was performing judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. The "immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights." *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). A judge is not immune (1) where the judge's alleged actions were not taken in the judge's judicial capacity or (2) where the actions, although judicial in nature, were taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–12. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of this authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1981)).

Irvine's allegations show that Defendant Clarke acted within his role as a judge in presiding over the state case. Nothing in the complaint suggests that Defendant Clarke was not acting as a

6

judicial officer or that he acted without jurisdiction. Accordingly, Defendant Clark is immune from suit.

D. Failure to State a Claim

Apart from being barred by immunities, Irvine's claim that Michigan's driver's license requirements violate his constitutional right to travel fails as a matter of law. The District of Vermont has aptly explained why such claims lack merit:

> The Supreme Court has recognized a constitutional right to travel. *See Attorney General of New York v. Soto-Lopez*, 476 U.S. 898, 903 (1986). However, the constitutional right to travel guarantees citizens of one state the right to enter and leave other states or to be treated as welcome visitors in other states, *Chavez v. Ill. State Police*, 251 F.3d 612, 648 (7th Cir. 2001), not the right to drive a car without a license, *Miller v. Reed*, 176 F.3d 1202, 1205–06 (9th Cir. 1999). As the Ninth Circuit has noted, the Supreme Court, in *Dixon v. Love*, 431 U.S. 105, 112–16 (1977), held that "a state could summarily suspend or revoke the license of a motorist who had been repeatedly convicted of traffic offenses with due process. . . . The Court conspicuously did not afford the possession of a driver's license the weight of a fundamental right." *Miller*, 176 F.3d at 1206. Indeed, the right of an individual to drive a vehicle is not a fundamental right; "it is a revocable privilege that is granted upon compliance with statutory licensing provisions." *State v. Skurdal*, 767 P.2d 304, 307 (Mont. 1988) (collecting cases); *see also Boutin v. Conway*, 153 Vt. 558, 564 (1990); *Mackey v. Montrym*, 443 U.S. 1, 10 (1979) (state has "paramount interest" in preserving safety of public highways).

*Haselton v. Amestoy*, No. 1:03-CV-223, 2003 WL 23273581, at *2 (D. Vt. Nov. 4, 2003); *see also Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000) ("While a fundamental right to travel exists, there is no fundamental right to drive a motor vehicle. A burden on a single mode of transportation simply does not implicate the right to interstate travel." (internal citation omitted)); *Cargile v. Mich.*, No. 10-10072, 2010 WL 3222024, at *5 (E.D. Mich. June 18, 2010) (rejecting claim that Michigan's driver's license requirement infringed the plaintiff's right to interstate travel), *report and recommendation adopted*, 2010 WL 3222021 (E.D. Mich. Aug. 13, 2010).

7

E.  Request to Amend

In his response, Irvine states that he is willing to dismiss his claims "if Bangor Police Officer Mata is charged with 750.213 & 214." (ECF No. 10 at PageID.57.) Irvine attaches a proposed amended complaint and summons to his response, which drops all of the original Defendants, names the City of Bangor Police and Officer Mata as defendants, and references an incident on March 24, 2019, in which Officer Mata impounded Irvine's vehicle because Irvine lacked a driver's license. (ECF No. 10-1 at PageID.64.) The undersigned recommends that Irvine's request be denied because Irvine did not file a motion to amend. *See Lugo v. Fed. Home Loan Mortg. Corp.*, No. 1:13-CV-816, 2013 WL 6147401, at *1 (W.D. Mich. Nov. 22, 2013). Moreover, even if construed as a motion to amend, the amendment would be futile, as it relies on the same meritless "right to travel" argument.

F.  Motion for Estoppel and Writ of Habeas Corpus

Irvine filed a motion titled "Motion for Estoppel and Writ for Habeas Corpus," (ECF No. 25), in which he requests a writ of habeas corpus and estoppel "[f]rom all Ordered action of 7th District court and all Admiralty Courts Servicing Maritime laws within the Boundaries of the Sovereign State of Michigan." He further states that "[j]udicial review is desperately requested in court order for 'payment' of 'money' in the amount of $325.00 for DWLS or stay in the county jail 32 days has been ordered."

The undersigned recommends that the motion be denied because it runs afoul of the *Younger* abstention doctrine, which requires a federal court to abstain when: (1) there are ongoing state judicial proceedings; (2) those proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). Here, the underlying state criminal proceeding

satisfies all of the requirements for *Younger* abstention. In addition, given that Irvine sought money damages in his original complaint and referred to Section 1983 in both his response to Defendants' motion to dismiss and in his proposed amended complaint, it is unnecessary to recharacterize Irvine's complaint as a habeas petition based on his motion. *See Young Bok Song v. Gipson*, 423 F. App'x 506, 509–10 (6th Cir. 2011) (declining to impose a duty on district courts to recharacterize pro se Section 1983 complaints as habeas petitions).

**IV. CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Estoppel and Writ for Habeas Corpus (ECF No. 25) be denied, Defendants' Motion to Dismiss (ECF No. 6) be granted, and the complaint dismissed with prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Dated: November 22, 2019                                /s/ Sally J. Berens
                                                                                             SALLY J. BERENS
                                                                                             U.S. Magistrate Judge