UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

| | |
|---|---|
| MARCUS IRVINE,<br><br>　　Plaintiff,<br>v<br><br>ARTHUR CLARKE, JAY BLAIR and JOHN FROST,<br><br>　　Defendants. | Case No.  1:19-cv-00359<br><br>Hon. Janet T. Neff<br>Magistrate Judge Sally J. Berens<br><br>**Defendants' Response to Plaintiff's Objection to the Magistrate Judge's Report and Recommendation** |

　　The Defendants, the Honorable Arthur Clarke III, Jay Blair, and John Frost (collectively, the "Defendants"), by their attorneys, Plunkett Cooney, state as follows for their Response to Plaintiff's Objection to Report and Recommendation:

　　Plaintiff's Objection to the Magistrate's Report and Recommendation does not substantively address any of the bases for recommending denial of Plaintiff's Motion for Estoppel and Writ for Habeas Corpus [ECF No. 25] and granting of Defendants' Motion to Dismiss [ECF No. 6].  Plaintiff fails to address the Magistrate's finding that Plaintiff's claim fails as a matter of law, Plaintiff fails to set forth any reason why Defendants should not be entitled to the asserted immunities, and  Plaintiff does not dispute he failed to assert any claims against Defendant John Frost.  Additionally, as it relates to his request to amend, Plaintiff does not deny he failed to file a motion to amend and that it would be futile if in fact he did so.

　　Instead, Plaintiff objects to the Report and Recommendation asserting the Court should have reviewed his request for a Preliminary Injunction before deciding Defendants' Motion to Dismiss.  This objection is futile.  Plaintiff's Motion for a Preliminary Injunction was included in his Response to Defendants' Motion to Dismiss [ECF No. 10] and reviewed

1

by this Court prior to it issuing its Report and Recommendation. Moreover, consideration of a motion to dismiss prior to a request for a preliminary injunction is proper, as a party who fails to state a claim would not be entitled to injunctive relief.

As set forth in Defendants' Reply Brief, preliminary injunctions are governed by Fed.R.Civ.P. 65. The first prong required to be established in determining whether to grant or deny a request for preliminary injunction is whether the movant has shown a strong or substantial likelihood or probability of success on the merits. See *Gaston Drugs, Inc.* v. *Metropolitan Life Insurance Co.*, 823 F.2d 984, 988 (6th Cir. 1987). In order to satisfy this prong, it is necessary that a party states a claim upon which relief can be granted. Otherwise, a party could not demonstrate they will likely succeed on the merits. Thus, consideration of a motion to dismiss prior to a request for a preliminary injunction is not improper. For that reason, Plaintiff's objection is without merit.

The Objection filed by Plaintiff fails to demonstrate any flaw in the analysis and reasoning of the Magistrate Judge in this matter. Moreover, Plaintiff fails to set forth any reason why Defendants should not be entitled to the asserted immunities. Defendants therefore request that this Court affirm and adopt the Magistrate Judge's Report and Recommendation in this matter.

Dated:  December 20, 2019          Respectfully submitted,

PLUNKETT COONEY

By:  /s/ Lisa A. Hall
    Lisa A. Hall (P70200)
    Attorney for Defendants
    333 Bridge Street NW, Suite 530
    Grand Rapids, MI  49504
    lhall@plunkettcooney.com
    (616) 752-4615